IN THE
TENTH COURT OF APPEALS
No. 10-07-00070-CR


**RONALD LAMONT GUYTON,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 0603643-CRF85**

_____

## CONCURRING OPINION

_____

In my original dissenting note to *Guyton v. State*, I noted that the Court had failed to fulfill its duty under *Watson v. State* to direct the reader's attention to the objective evidence in the record that allowed the Court to reach its conclusion and upon which the judgment was being reversed and remanded. *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006); *see also Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (cited in the dissenting note in *Brooks v. State*.). Now, in the opinion on petition for discretionary review, the Court has concluded that the evidence is factually sufficient and affirms the judgment. The problem, however, is that *Brooks v. State*, upon which the Court had previously relied to reverse this appeal, had petitions for discretionary review filed by both the State and the

Defendant. Those petitions have both already been forwarded to the Court of Criminal Appeals; so it is too late for us to correct *Brooks*. Based upon the holding in this case, *Brooks v. State* should now be overruled on the merits as having been improperly decided.

As I also indicated in my dissenting note when this proceeding was initially reversed, there was absolutely no basis upon which to allow hybrid representation in this appeal. *Guyton v. State*, No. 10-07-00070-CR, 2008 Tex. App. LEXIS 8371 (Tex. App.—Waco Nov. 5, 2008, no pet. h.) (Gray, C.J., dissenting note, referencing dissent to letter issued May 27, 2008 requesting the State to respond to *pro se* brief ("I do not find that the issues raised and the arguments made by the appellant acting as his own counsel add anything new; other than to demonstrate that due to the appellant's conduct that the appellant was making it very difficult for trial counsel to represent him during the course of the trial.")). The Court, nevertheless, allowed the hybrid representation and, following *Brooks v. State*, a case on virtually identical facts, determined that the evidence, while legally sufficient, was factually insufficient. *Brooks v. State*, No. 10-07-00309-CR, 2008 Tex. App. Lexis 7364 (Tex. App.—Waco Oct. 1, 2008, pets. filed, *see* TEX. R. APP. P. 68.7) (not designated for publication).

In the present case, my original position that there was absolutely no basis upon which to allow hybrid representation has been fully vindicated by the Court's new opinion. This is because a careful reading of the new opinion will show that there is no reason to address the issues raised in the *pro se* supplemental brief filed by Guyton, an inmate represented by appointed counsel, because the Court overrules each and every one of them and, thus, does not grant any relief thereon. As I said before, there was no compelling need to consider these issues. If his very able appointed appellate counsel did not think the issues merited presentation to the Court, I do not believe there was any issue worthy of the Court's

attention. Now that the Court has addressed the issues, it too finds no basis to grant relief on those issues. Thus, the Court has reviewed the issues raised by the inmate as well as those by appointed counsel and affirmed the judgment of the trial court. But rather than hold that Guyton is not entitled to hybrid representation, the Court discusses the merits of each of the issues raised by the inmate and overrules those issues. I believe that makes the entire discussion on those issues dicta.

But if I were going to discuss and overrule the factual insufficiency issue raised by the inmate, I could not find that the facts in this proceeding are legally distinguishable from those in *Brooks*. I would therefore, overrule the erroneous holding in *Brooks v. State* upon the basis that it was wrongly decided. What the Court attempts to identify as a factual distinction is some testimony that a drug user would not simultaneously *use* all three types of drugs found in the possession of Guyton, suggesting that there was no comparable testimony about the three types of drugs which Brooks possessed. Maj. op. at 8-9. What the Court fails to explain is why a fact finder could not draw the reasonable inference of possession-with-intent-to-distribute from the evidence in *Brooks*. *See Hooper v. State*, 214 S.W.3d 9, 14-15 (Tex. Crim. App. 2007). In *Brooks*, there were more drugs found than a user would normally take at one time (more than 20 "servings"), there were multiple types of drugs (three types—as in this case), there was no evidence that Brooks was using or was under the influence of any of the assorted types of drugs at the time he was arrested in possession, there was no evidence that Brooks possessed the tools necessary to ingest the drugs himself, and an expert opined that that this evidence was, in his opinion, consistent with what a dealer would have in his possession. I think the perfectly logical inference to be drawn from both sets of facts, as the

Court now does in this appeal, is that the drugs were possessed with the requisite intent to deliver. *Id*.

I believe the Court now reaches the correct result in this appeal. Further, I believe we should now acknowledge that *Brooks v. State* was wrongly decided, thus removing any remaining value as precedent, and allow the Court of Criminal Appeals to deal with it appropriately. I withdraw my dissenting note to the previous judgment that reversed Guyton's conviction and concur in the current judgment to the extent it affirms the trial court's judgment and sentence of Guyton.[1]

TOM GRAY
Chief Justice

Concurring Opinion issued and filed February 6, 2009

---

[1] It is not at all clear under amended Rule 50 if the Court has the authority to do what is being done or if I have the authority to issue this concurring opinion. *See* TEX. R. APP. P. 50. Whether it is properly characterized as a "corrected" or "modified" opinion and judgment, the result is 180 degrees from what the Court previously did. The prior composition of the Court on the Opinion and judgment reversing the conviction was Justices Vance and Reyna. I provided a dissenting note. The new composition of the Court on the Memorandum Opinion is Justices Reyna and Davis. I am providing a concurring opinion and also now join the judgment, but only to the extent it affirms the trial court's judgment and sentence.

Amended Rule 50 provides:

> Within 60 days after a petition for discretionary review is filed with the clerk of the court of appeals that delivered the decision, the justices who participated in the decision may, as provided by subsection (a), reconsider and correct or modify the court's opinion or judgment. Within the same period of time, any of the justices who participated in the decision may issue a concurring or dissenting opinion.
> (a)   If the court's original opinion or judgment is corrected or modified, that opinion or judgment is withdrawn and the modified or corrected opinion or judgment is substituted as the opinion or judgment of the court. No further opinions may be issued by the court of appeals. The original petition for discretionary review is not dismissed by operation of law, unless the filing party files a new petition in the court of appeals. In the alternative, the petitioning party shall submit to the court of appeals copies of the corrected or modified opinion or judgment as an amendment to the original petition.
> (b)   Any party may then file with the court of appeals a new petition for discretionary review seeking review of the corrected or modified opinion or judgment, including any dissents or concurrences, under Rule 68.2.

TEX. R. APP. P. 50.

Further, I am not sure, and due to time constraints do not have time to resolve, what impact, if any, this Rule has on the precedential value of the opinion or effect of the judgment issued today.